UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

MARK A. JACKSON,

    Petitioner,

v.

STEVE HANEY, Warden,

    Respondent.

Civil No. 5:14-334-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Mark A. Jackson is in custody of the Kentucky Department of Corrections ("KDOC") and is presently confined in the Little Sandy Correctional Complex ("LSCC") located in Sandy Hook, Kentucky. Jackson, proceeding *pro se*, has filed a petition for writ of habeas corpus, pursuant to 28 U. S. C. § 2241, claiming that the KDOC has failed to award him the correct amount of good time credits (meritorious, statutory, and work-time) on his sentence, resulting in his serving more time in prison than he is required by law to serve. [R. 1] Jackson claims that he has completely served his sentence, and he requests this Court to order that he be released from prison immediately. [R. 1, Page ID# 8] Jackson has paid the $5.00 filing fee.

The Court has reviewed Jackson's petition and concludes that he has failed to state a claim for which relief can be granted. For the reasons stated below, his petition will be denied and this action will be dismissed.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v.*

*Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).  The Court must deny a petition if it plainly appears that the petitioner is not entitled to relief.  R. Governing § 2254 Cases 4 (rendered applicable to § 2241 petitions by Rule 1(b)).  At this stage, the Court must accept Jackson's factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because Jackson lacks counsel, the Court must also evaluate his claims leniently.  *Id.*

## CRIMINAL HISTORY

On March 9, 2007, Jackson was convicted in Boone Circuit Court of complicity to commit Robbery, Second Degree.  <u>See</u> *Commonwealth of Kentucky v. Mark A. Jackson*, Case No. 05-CR-0498, Boone Circuit Court.  Because he was also a Persistent Felony Offender (First Degree) at that time, his ten-year sentence on the robbery charge was enhanced by another five years, resulting in a total sentence of fifteen years.  [R. 1-1, Page ID# 12]  The KDOC's Resident Record Card attached as an exhibit to Jackson's petition confirms this information and reflects that Jackson must serve at least 20% of his 15-year sentence and that he has been given 598 days of jail credit on his sentence, perhaps because he remained in custody from the time of his arrest on the robbery charge until his date of conviction. [R. 1-1, Page ID# 12]

The KDOC's records on Jackson also reflects that his Parole Eligibility Date is June 23, 2015, that his Minimum Expiration of Sentence Date is September 24, 2015, which is his good time release date, and that his Maximum Expiration of Sentence Date is June 22, 2020.  See <u>http://kool.corrections.ky.gov/KOOL/Details/119893</u> (last checked January 21, 2015).  Jackson's Resident Record Card as of July 14, 2014, indicates that while incarcerated, Jackson has been given various types of credit on his sentence, *viz.*,

meritorious good time, work for time credit, and statutory good time, as chronologically itemized by dates from April 1, 2008 through June 30, 2014. [R. 1-1, Page ID## 12-16]

## CLAIM ASSERTED IN THE 2241 PETITION

Jackson claims that the KDOC has not given him the correct amount of the various types of good time credits on his sentence. He contends that when the correct amount of good time to which he is entitled is applied to his sentence, it will establish that he has completed service of all of the time he is required by law to serve on his 15-year sentence; therefore, he is entitled to immediate release from prison.

## DISCUSSION

In September of 2013, pursuant to the KDOC's Correctional Policy and Procedure ("CPP") 17.4, Jackson filed an Administrative Remedy with the KDOC, claiming that the calculation of his release date was incorrect. Jackson stated the problem as follows:

> My time calculation isn't correct. I'm doing time on a 15 yr. 20% sentence, with 45 mos off for statutory GT, and 20 mos. Jail time, 13 mos meritorious and work credit, is 6 ½ yrs and the 6 ½ yrs I've served already, is 13 Yrs TOTAL on a 15 Yr. Sentence, Pluss [sic] the 8 mos, is almost 14Yrs

R. 1-1, Page ID# 25.

He requested that the KDOC review and correct the matter, stating, "I realy [sic] do appreciate anything you can do to help clean up this matter. Your response is very much appreciated." [R. 1-1, Page ID# 28]

On October 14, 2013, Susan Wilhoit-Oliver, Offender Records Supervisor at the KDOC, responded to Jackson's Administrative Remedy request, advising Jackson that his sentence calculations are correct and explaining those calculations, as follows:

> 1)      Your sentence calculations are correct.
>
> Upon initial calculation of your sentence, statutory good time in an amount equal to 1/4 of your sentence is recorded on your resident record card. This deduction is made in anticipation of your clear conduct.  However, statutory good time is subject to forfeiture based on your behavior.
>         You are also eligible to receive meritorious good time in the amount of five (5) days per month for each whole calendar month served without receiving a major disciplinary report of a Category III or above up to April 2008 and (7) days per month starting May 2008.  Meritorious good time is given at the discretion of the institutional and Central Office staff based on your clear conduct.
>
> The exact amount of time it would take to serve out a Fifteen year sentence can only be determined on a case by case basis.  Since we cannot predict future behavior of any individual, we do not calculate projected release dates.
>
> Your current minimum expiration date is August 24, 2015.
>
> 2)      According to our records, you were reviewed for meritorious good time. You received the full amount of meritorious good time for which you were recommended to receive.
>
> This office will not increase the amount of an award recommended by unit classification staff.  If the unit classification staff at the institution that originally submitted the recommendation choose[s] to amend the recommendation, they may do so.
>
> Please note, meritorious good time is a privilege, not a right. If the institutional unit classification staff do not deem it appropriate to increase the recommendation, then no change will be made.
>
> I have reviewed your work for time credit and it is correct.

R. 1-1, Page ID# 30.

Jackson indicated on the KDOC's response form that he wished to appeal the above-referenced response to his Administrative Remedy request. *Id.*  It is unclear whether any appeal was actually formalized, as Jackson's attachments do not include any subsequent response from the KDOC concerning Jackson's claim that his sentence had been improperly

calculated. For purposes of this analysis, the Court will presume that Jackson has exhausted the administrative remedies available to him prior to filing this habeas petition.

Jackson's petition states in part:

I have served over the time required to serve out my sentence pursuant to ky law. 85% requires a prisoner to serve 12 years 6 months on a fifteen years [sic] sentence. My sentence is at 20% and the respondent has held me illegally for several years now. I should have been sent home after 9 years 6 months with my good time credits, pursuant to law on a 20% service sentence. I have been illegally denied my right to see the parole board for early release.

R. 1, Page ID# 7.

The Court distills from the foregoing statements that Jackson appears to believe that he was entitled to be released after serving 20% of his sentence. However, Jackson cites no authority for this proposition, and the Court is aware of no statutory or case law that would support such a claim.

As to his claim that he has been denied his right to see the parole board for early release, the Offender Information for Jackson, as listed on the KDOC's website, reflects that Jackson's Parole Eligibility Date is June 23, 2015, and that Parole Hearings are conducted 60 days prior to a Parole Date. See http://kool.corrections.ky.gov/KOOL/Details/119893 (last checked January 21, 2015). Given Jackson's Parole Eligibility Date of June 23, 2015, he would not be entitled to a Parole Hearing until 60 days prior thereto, *viz.*, on or about April 23, 2015. Therefore, he has not been illegally denied his right to appear before the Parole Board. His claim otherwise is premature and is presently without merit.

Furthermore, just because an inmate is eligible for parole does not automatically guarantee that he will be released on parole, as an inmate has no constitutional right to be

5

paroled. Generally speaking, a Parole Board has the discretion to grant or deny parole. As the Supreme Court noted in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1(1979):

> The parole-release decision...is more subtle [than the revocation decision] and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release. Unlike the revocation decision, there is no set of facts which, if shown, mandate a decision favorable to the individual.

442 U.S. at 10.

## CONCLUSION

In summary, Jackson's habeas petition is currently premature. His petition fails to state a claim for which relief can be granted at this time. If he does not have a parole hearing on or about April 23, 2015, then he would be authorized to file a habeas petition. For these reasons, his petition will be dismissed without prejudice.

Accordingly, it is **ORDERED** that:

(1) Petitioner Mark Jackson's habeas petition, filed pursuant to 28 U.S.C. § 2241 [R. 1], is **DENIED**.

(2) This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.

(3) The Court shall enter an appropriate judgment.

Dated January 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY